1

2

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

3

4   James D. Johnson,                         )          Case No.: 2:14-cv-1893-GMN

5                    Appellant,                )        **MEMORANDUM & OPINION**

6            vs.                               )

7   Frontier Estates Homeowners Association,   )        Appeal from the United States Bankruptcy
                                              )           Court for the District of Nevada
8                    Appellee.                 )

9   _____ )          Bk No.: 14-13640-ABL

10

11          Pending before the Court is the bankruptcy appeal of *Johnson v. Frontier Estates HOA*,

12   Case No. 2:14-cv-1893.  Appellant James D. Johnson filed an opening brief, (ECF No. 11), and

13   Appellee Frontier Estates Homeowners Association ("Frontier") filed an answering brief, (ECF

14   No. 18).  Appellant did not file a reply brief, and the deadline to do so has passed.  For the

15   reasons stated herein, the Court will affirm the underlying decision of the United States

16   Bankruptcy Court for the District of Nevada.

## I.      BACKGROUND

17

18          The instant appeal centers upon Appellant's claim that Frontier violated a stay imposed

19   by the bankruptcy court when it filed a Notice of Sale against Plaintiff's residence on May 6,

20   2014.

21          Appellant has a long and litigious history in the bankruptcy court, having filed four

22   bankruptcies in the last six years. *In re Johnson*, BKS-10-23095-LBR; (Bankr. D. Nev. July 14,

23   2010) (the "First Bankruptcy Case"); *In re Johnson*, BKS-12-23345-LBR (Bankr. D. Nev. Dec.

24   4, 2012) (the "Second Bankruptcy Case"); *In re Johnson*, BKS-13-19314-ABL (Bankr. D. Nev.

25   Nov. 1, 2013) (the "Third Bankruptcy Case"); *In re Johnson*, BKS-14-13640-ABL (Bankr. D.

Nev. May 22, 2014) (the "Fourth Bankruptcy Case").  The last two of these cases were filed

only days after the prior case was dismissed. *See In re Johnson*, BKS-13-19314-ABL (Bankr. D. Nev. Nov. 1, 2013) (filed two days after the dismissal of the Second Bankruptcy Case); *In re Johnson*, BKS-14-13640-ABL (Bankr. D. Nev. May 22, 2014) (filed the day after the dismissal of the Third Bankruptcy Case).

Though there have been countless factual and procedural developments relevant to Appellant's bankruptcy filings over the last several years, the issues raised in this appeal are discrete and straightforward.  Therefore, the Court will discuss only the facts necessary to resolve the instant dispute.  Appellant claims that he filed these bankruptcy cases in order to "save his home," which was located at 7610 Demona Drive, Las Vegas, NV 89123 (the "Property). (Appellant's Br. 7:11-8:24, ECF No. 11).  It is undisputed that Appellant was assessed a homeowner association fee by Frontier in December 2009 that went unpaid through the foreclosure of the Property in May 2014. (Appellee's Br. 6:13-19, ECF No. 18).

During the pendency of the Second Bankruptcy Case, Frontier was granted relief from the automatic bankruptcy stay in order to foreclose upon the Property. (Sept. 25, 2013 Order, Ex. 3 to Appellee's App., ECF No. 19).  However, Appellant filed the Third Bankruptcy Case on November 1, 2013, before Frontier could conduct its foreclosure.  Accordingly, Frontier filed a Motion for Relief from Stay in the Third Bankruptcy Case on February 28, 2014. (Ex. 10 to Appellee's App.).  At a hearing that was held on April 30, 2014, the bankruptcy court stated that it would grant the Motion and, again, give Frontier relief from the bankruptcy stay in order to foreclose upon the Property. *See* (Apr. 30 Hearing Transcript 6:5-8, Ex. 12 to Appellee's App.).

On May 6, 2014, Frontier recorded a Notice of Sale against the Property. (Notice of Sale, Ex. 13 to Appellee's App.).  On May 15, 2014, the Bankruptcy Court issued a written Order granting Frontier's Motion for relief from the bankruptcy stay. (May 15, 2014 Order, Ex. 14 to Appellee's App.).  Frontier conducted its foreclosure and sold the Property on May 29,

1    2014. (Appellant's Br. 9:1-2).

2         On September 24, 2014, Appellant filed a Motion for Sanctions in the Fourth

3    Bankruptcy Case, which argued that Frontier had violated the stay in the Third Bankruptcy

4    Case by filing its Notice of Sale before the bankruptcy court entered its written Order. (Mot. for

5    Sanctions, Ex. 21 to Appellee's App.).  At a hearing that was held on November 3, 2014, the

6    bankruptcy court denied the Motion for Sanctions after finding that the stay in the Third

7    Bankruptcy Case had been terminated before the Notice of Sale was filed. (Nov. 3, 2014

8    Hearing Transcript 12:9-13, Ex. 22 to Appellee's App.).

9         In the instant appeal, Appellant argues that the bankruptcy court erred in finding that

10   Frontier had not violated the bankruptcy stay.  Thus, Appellant requests that the Court reverse

11   the denial of his Motion for Sanctions and remand the case to the bankruptcy court for a

12   determination of damages.

13   **II.    JURISDICTION**

14        The bankruptcy court had jurisdiction under 28 U.S.C. §§ 157 and 1334.  Though the

15   question has not been addressed by the Ninth Circuit, other circuits have held that the denial of

16   a motion for sanctions based on an alleged violation of a bankruptcy stay is a final, appealable

17   decision. *See Commodore Holdings, Inc. v. Exxon Mobil Corp.*, 331 F.3d 1257, 1259 (11th Cir.

18   2003); *Matter of Wade*, 991 F.2d 402, 406 (7th Cir. 1993).  Accordingly, the Court has

19   jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a) ("The district courts of the United

20   States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . .

21   of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges.").

22   **III.   STANDARD OF REVIEW**

23        On appeal, a district court "may affirm, modify, or reverse a bankruptcy judge's

24   judgment, order, or decree or remand with instructions for further proceedings." *E.g.*, *Cesar v.*

25   *Charter Adjustments Corp.*, 519 B.R. 792, 795 (E.D. Cal. 2014).  "Findings of fact, whether

1    based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due

2    regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the

3    witnesses." *Matter of Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1379 (9th Cir. 1985).  However, a

4    bankruptcy court's finding as to whether an automatic stay has been violated is a question of

5    law to be reviewed de novo. *In re Del Mission Ltd.*, 98 F.3d 1147, 1150 (9th Cir. 1996).

6    **IV.    DISCUSSION**

7        Appellant argues that Frontier's recording of the Notice of Sale on May 6, 2014,

8    violated the automatic stay because the bankruptcy court's Order terminating the stay was not

9    entered until May 15, 2014. (Appellant's Br. 16:13-24, ECF No. 11).[1]  However, analysis of the

10   relevant statutory provisions makes clear that the stay was terminated on April 29, 2014.  11

11   U.S.C. § 362(e)(2) provides, in relevant part:

12           [I]n a case under chapter 7, 11, or 13 in which the debtor is an
             individual, the stay under subsection (a) shall terminate on the date
13           that is 60 days after a request is made by a party in interest under
             subsection (d), unless--
14               (A) a final decision is rendered by the court during the 60-
15               day period beginning on the date of the request; or
                 (B) such 60-day period is extended--
16                   (i) by agreement of all parties in interest; or
17                   (ii) by the court for such specific period of time as the
                     court finds is required for good cause, as described in
18                   findings made by the court.

19       In denying Appellant's Motion for Sanctions, the bankruptcy court cited § 362(e)(2) and

20   concluded that the stay had terminated prior to the hearing on April 30, 2014. (November 3,

21

22

23   _____

24   [1] The parties in this case also dispute whether a stay was actually imposed as to Frontier in the Third Bankruptcy Case. *See, e.g.*, (Appellee's Br. 13:5-8, ECF No. 18).  However, as detailed *infra*, it is apparent that if a stay was ever imposed as to Frontier, is was terminated before the Notice of Sale was filed.  Therefore, for the purposes of

25   this Opinion, the Court assumes without ruling that Frontier was bound by the stay that was orally announced by the bankruptcy court on November 20, 2013. *See* (November 20, 2013 Hearing Transcript, Ex. 8 to Appellee's App.).

2014 Hearing Transcript 10:4-8, Ex. 22 to Appellee's App.).[2]  It is undisputed that Frontier filed its Motion for Relief from Stay on February 28, 2014. (Appellee's Mot. for Relief from Stay, Ex. 10 to Appellee's App.).  Furthermore, no party contends that the sixty-day period under § 362(e)(2) was subsequently extended by a finding of the bankruptcy court or an agreement of the parties in interest.  Therefore, the bankruptcy stay was terminated on April 29, 2014, the sixtieth day after Frontier's Motion was filed.  Because the stay was terminated prior to Frontier's recording of the Notice of Sale on May 6, 2014, the bankruptcy court's finding that Frontier did not violate stay was not in error.  Accordingly, the bankruptcy court's denial of Appellant's Motion for Sanctions will be affirmed.

**V.      CONCLUSION**

      **IT IS HEREBY ORDERED** that the November 4, 2014, Order of the United States Bankruptcy Court for the District of Nevada is **AFFIRMED**.

      **IT IS FURTHER ORDERED** that Frontier's Motion to Dismiss, (ECF No. 12), is **DENIED AS MOOT**.  The Clerk is instructed to close the case.

      **DATED** this   17   day of August, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

[2] Appellant contends that the Bankruptcy Court's application of § 362(e)(2) was erroneous because Frontier waited twenty-five days after filing its Motion to request a hearing.  However, § 362(e)(2) does not require that a movant request a hearing within a specific time frame.  Indeed, this provision does not even require that a hearing be held prior to the termination of a stay.  Therefore, the claim that Frontier delayed its request for a hearing bears no relation to when the automatic stay was terminated in this case.